BOLING v. STATE.

Crim. 3900

Opinion delivered October 8, 1934.

Oscar Fendler and W. A. Jackson, for appellant.

Hal L. Norwood, Attorney General, and Pat Mehaffy, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted for murder in the second degree in the Chickasawba district of

Mississippi County for shooting and killing Paul Cody, and, upon a trial of the cause, was convicted of voluntary manslaughter, and adjudged to serve a term of four and one-half years in the State penitentiary, from which judgment he has duly prosecuted an appeal to this court.

The only assignment of error insisted upon by appellant for a reversal of the judgment is that the court permitted the jury to separate for the night after the cause had been submitted to them. Upon the conclusion of the arguments, the court ordered that the jury be kept together, over the objection of appellant, who had filed a motion requesting that they be permitted to separate. The sheriff in charge of the jury reported to the court that it was impossible to obtain accommodations over night for the jury in a body; whereupon, by and with the consent of Mr. Cooper, one of appellant's attorneys of record, an order was made permitting them to separate. The appellant, who was out on bond, was not present when this order was made. Some three hours after the jury had rendered its verdict of conviction, the appellant entered his objections and exceptions of record to the order of the court allowing the jury to separate the night before.

As authority for his contention that the court committed reversible error in allowing the jury to separate for the night, appellant cites § 3136 of Crawford & Moses' Digest, which reads as follows: ''If the indictment be for a felony, the defendant must be present during the trial. If he escapes from custody after the trial has commenced, or if on bail shall absent himself during the trial, the trial may either be stopped or progress to a verdict, at the discretion of the prosecuting attorney, but judgment shall not be rendered until the presence of the defendant is obtained.''

The statute, of course, was passed for the benefit of, defendants, but there is nothing in the statute preventing a defendant from waiving his presence when substantive steps are taken in the progress of his case. When one of appellant's attorneys consented to the order for the separation of the jury over night, it, in effect, was a

waiver of appellant's presence. The record does not show to the contrary, so the presumption must be indulged that the attorney had the right to waive appellant's presence. *Scruggs* v. *State*, 131 Ark. 320, 198 S. W. 694.

No error appearing, the judgment is affirmed.